UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN M. MCELRATH,<br>*Individually and as Representative Payee for*<br>N.M.M., D.S.M., and S.M.M.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner,*<br>*Social Security Administration,*<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*    15-cv-11899-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

## **MEMORANDUM AND ORDER**

July 27, 2016

BURROUGHS, D.J.

    Karen McElrath brought this suit against Carolyn Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), requesting judicial review of a final decision of the Commissioner, pursuant to 42 U.S.C. § 405(g). Ms. McElrath contends that in 2011, her husband, Scott McElrath, was erroneously appointed representative payee for their three children, and that during this time, Mr. McElrath misused funds intended for their children. On two separate occasions, the Social Security Administration ("SSA") investigated the alleged misuse, and each time, it concluded that there had not been any misconduct. Ms. McElrath's Complaint, filed on May 29, 2015, alleges that the SSA was negligent in its appointment of Mr. McElrath, its payment of benefits to Mr. McElrath, and its investigation into Mr. McElrath's alleged misuse use of funds. [ECF No. 1].

    Currently pending is the Commissioner's Motion to Dismiss, which was filed on November 20, 2015. [ECF No. 14]. In the Motion to Dismiss, the Commissioner argues that the

Court lacks subject matter jurisdiction over the Complaint and further, that the Complaint is barred by the statute of limitations. Ms. McElrath filed her opposition to the motion to dismiss on May 19, 2016. [ECF No. 21]. On May 31, 2016, the Court granted the Commissioner leave to file a reply brief, but no reply has been filed at this time. [ECF No. 23]. For the reasons stated herein, the Motion to Dismiss is GRANTED.

## I. Factual Background

According to Ms. McElrath,[1] she first learned that Mr. McElrath had been approved to receive Social Security Disability Benefits on April 8, 2011, at a court hearing in Middlesex County Probate and Family Court. [ECF No. 1 ¶ 4]. Later that month, she learned that on or about March 15, 2011, Mr. McElrath had been appointed representative payee for their three children, and had received retroactive benefits for the children in the amount of $20,853. Id. ¶ 5. Ms. McElrath alleges that the SSA did not timely inform her or her children that Mr. McElrath had been appointed representative payee or that he had received payments for the children. Id. Ms. McElrath subsequently submitted paperwork to become the representative payee (she is currently their representative payee), as well as a Statement of Claimant or Other Person to the fraud investigative unit of the SSA, in which she alleged that Mr. McElrath had impermissibly retained benefits intended for their children. Id. ¶ 6, Ex. B.

On or about June 26, 2012, Ms. McElrath received a letter from the SSA stating that they had not found any misuse of funds, and that all of the funds distributed to Mr. McElrath had been used for the benefit of the children. Id. ¶ 11. Soon thereafter, Ms. McElrath filed a request for

---

[1] For purposes of the motion to dismiss, the Court accepts as true the facts alleged in Ms. McElrath's Complaint and treats exhibits attached thereto as part of the pleading. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (citing Fed. R. Civ. P. 10(c)).

reconsideration, and on September 19, 2012, she received an additional letter from the SSA stating that her Request for Reconsideration had been denied and that no misuse of funds had been found. Id. ¶ 14. The Notice of Reconsideration stated that if Ms. McElrath disagreed with the decision, she could appeal it to an Administrative Law Judge ("ALJ"), which she did. Id. ¶¶ 14-15. On October 15, 2012, Ms. McElrath filed a request for hearing, and on January 15, 2013, she received a Notice of Hearing from the SSA, stating that a hearing before an ALJ had been scheduled for March 28, 2013. Id. ¶¶ 15, 18.

On March 26, 2013, two days before the hearing was scheduled to take place, Ms. McElrath received a Notice of Dismissal from the ALJ stating that her request for a hearing had been dismissed. Id. ¶ 21. The Commissioner filed a copy of the ALJ's decision with the motion to dismiss. [ECF No. 15-4]. In the decision, the ALJ found that "[a] misuse of funds determination is not an initial determination with appeal rights," and that it was therefore "appropriate . . . to dismiss the request for hearing because the claimant and his representative do not have a right to a hearing." Id. at 10 (citing 20 C.F.R. §§ 405.305 and 405.380(d)). He noted that Ms. McElrath had not previously raised the issue of the SSA's negligence or failure to investigate the possible misuse of funds; she had only challenged the investigators' *conclusion* that there was no misuse of funds, which is not an initial determination subject to administrative review. Id. at 10-11. On April 9, 2013, Ms. McElrath appealed the ALJ's decision, and on June 3, 2014, she received a Notice of Appeals Counsel denying her request for review. [ECF No. 1 ¶¶ 23-24]. The Notice stated that:

> We found no reason under our rules to review the Administrative Law Judge's Dismissal. The regulatory provisions under 20 CFR 202.902(x) is not applicable to your case because the agency did not issue a determination under agency policy finding the former representative payee misused your funds. Under agency policy POMS GN 03101.080 appeals for

representative actions are administrative actions that are not initial determinations and are not subject to administrative or judicial review.

Id. ¶ 24. On July 15, 2014, Ms. McElrath sent the Appeals Counsel a written request for an extension of time to file a civil action for judicial review. Id. ¶ 27. In a letter dated October 24, 2014, the Appeals Counsel denied her request. [ECF No. 15-6].

On July 24, 2014, Ms. McElrath sent a formal request for investigation to the Lowell, Massachusetts SSA office, regarding the SSA's alleged failure to follow procedure when appointing a representative payee, failure to verify custody of the children, failure to notify beneficiaries that a representative payee had been appointed, and failure to properly investigate an individual requesting to be appointed representative payee. [ECF No. 1 ¶ 29]. She has not received a response to her request for investigation. Id. ¶ 33-34.

## II. Discussion

The Commissioner has moved to dismiss Ms. McElrath's Complaint for lack of subject matter jurisdiction and for failure to file this lawsuit within the applicable statute of limitations. Both of the Commissioner's arguments arise from Section 405(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), which sets forth the procedures and conditions for judicial review of the Commissioner's decisions. Ms. McElrath purports to bring this action under Section 405(g) of the Act. [ECF No. 1 ¶ 3]. Section 405(g) provides, in relevant part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner argues that the Court lacks subject matter jurisdiction because there was never a "final decision of the Commissioner . . . made after a hearing," and

that Ms. McElrath's filing is untimely because it was not "commenced within sixty days after the mailing to h[er] of notice." As explained further below, the Court agrees with each of the Commissioner's arguments and therefore orders that the Complaint be dismissed.

First, Section 405(g) "clearly limits judicial review to a particular type of action, a 'final decision of the Secretary made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977); see also Matos v. Sec'y of Health, Educ. & Welfare, 581 F.2d 282, 285 (1st Cir. 1978) ("The Act limits the availability of judicial review of decisions or findings of fact to the procedure spelled out in § 205(g).").[2] Here, the ALJ did not issue a decision after a hearing, but instead issued an order dismissing Ms. McElrath's request for a hearing. Consistent with Section 405(g), SSA regulations preclude judicial review of an ALJ's decision to deny a request for a hearing:

> The administrative law judge's dismissal of a request for a hearing is binding and not subject to further review, unless an administrative law judge or the Appeals Council vacates it.

20 C.F.R. § 405.383; see also Kleiman v. Colvin, No. 1:13-CV-01188-TWP, 2014 WL 2890024, at *1 (S.D. Ind. June 24, 2014) ("[T]he Commissioner's regulations set forth that the dismissal of a hearing request is binding, thus not subject to judicial review.").[3] The ALJ's decision to deny Ms. McElrath's request for a hearing is therefore unreviewable by this Court, and the Court lacks subject matter jurisdiction over Ms. McElrath's Complaint. See Matos-Cruz v. Comm'r of Soc. Sec., 187 F.3d 622 (noting that ALJ's dismissal of hearing request is unreviewable under §

---

[2] Section 405(h) provides further that: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency *except as herein provided*." 42 U.S.C. § 405(h) (emphasis added).

[3] In addition, Program Operations Manual System ("POMS") 03101.080 provides that a "determination regarding whether a representative payee misused benefits paid on behalf of a claimant" is "not subject to administrative or judicial review." "POMS do not have binding legal force, although courts frequently consider them when interpreting the SSA's statutory and regulatory policies." Bitsacos v. Barnhart, 353 F. Supp. 2d 161, 168 (D. Mass. 2005).

405(g)); Katsoulakis v. Astrue, No. 10-CV-0081 JFB, 2011 WL 3877080, at *4 (E.D.N.Y. Aug. 31, 2011) (finding that "there [wa]s no final decision for review by this Court because a hearing was not held"). Although Congress provided a waiver of sovereign immunity through Section 405(g), the waiver is narrow and only allows limited judicial review of the Commissioner's decisions. Ms. McElrath's Complaint, and the issues stated therein, are not covered by this waiver and judicial review is therefore not permitted.

There is one exception to Section 405(g)'s jurisdictional bar: where there has not been a final decision subject to judicial review, a court can nonetheless have subject matter jurisdiction where the plaintiff advances a colorable constitutional claim against the Commissioner. "The Supreme Court recognizes a limited exception to the bar to judicial review posed by 42 U.S.C. § 405(g) for colorable constitutional claims." Robbins v. Colvin, 142 F. Supp. 3d 205, 212 (D. Mass. 2015) (citing Califano v. Sanders, 430 U.S. at 109); see also Szilagyi v. Comm'r of Soc. Sec., No. 3:15-CV-01054-KI, 2015 WL 9460127, at *1 (D. Or. Dec. 23, 2015) ("[T]his court has no subject matter jurisdiction to review the ALJ's decision to dismiss [claimant's] request for a hearing unless he makes a colorable constitutional claim."). Ms. McElrath claims in her opposition to the motion to dismiss that the "Commissioner's failure to comply with the Social Security Administration's policy was a clear and unequivocal violation of the Plaintiff's constitutional right to due process." [ECF No. 21 at 3]. Her Complaint, however, does not allege any constitutional claim, let alone a colorable one. Ms. McElrath's alleged failure to receive notice of Mr. McElrath's appointment as representative payee does not constitute a colorable constitutional claim, given that she has since been appointed representative payee. Accordingly, because Ms. McElrath has not made a colorable claim of a constitutional violation and the ALJ's

decision to dismiss her hearing request was not a final decision made after a hearing, the Court does not have subject matter jurisdiction over the Complaint as it is currently pled.

Second, even if the ALJ had issued a final decision subject to judicial review, Ms. McElrath did not file her Complaint within the 60-day time period provided under Section 405(g). Under Section 405(g), a plaintiff must commence a civil action seeking judicial review of a Commissioner's decision within 60 days after the mailing of notice of such decision. "It is well-established that the 60-day filing period set forth in 42 U.S.C. § 405(g) is not jurisdictional, but rather constitutes a statute of limitations." Piscopo v. Sec'y of Health & Human Servs., No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994). "As such, the limitation period constitutes a condition on the waiver of sovereign immunity that must be strictly construed." Id.; see also Wilmot v. Astrue, No. 07-11322-GAO, 2007 WL 4200842, at *1 (D. Mass. Nov. 27, 2007) ("The sixty day period established in § 405(g) is a statute of limitations that must be strictly construed."). Ms. McElrath filed her Complaint in this action on May 29, 2015. [ECF No. 1]. She admittedly received the Appeals Council's denial of her request for review on June 3, 2014, and the Appeals Council's denial of her request for additional time to file a civil case on October 24, 2014. Id. ¶¶ 24, 27. Accordingly, even under the most generous calculation, Ms. McElrath's May 29, 2015 Complaint was filed well after Section 405(g)'s 60-day statute of limitations expired.[4]

---

[4] Ms. McElrath is not entitled to equitable tolling. The Supreme Court held in Bowen v. New York that Section 405(g)'s sixty-day statute of limitations can be equitably tolled, pursuant to "traditional equitable tolling principle[s]." 476 U.S. 467, 479 (1986). The First Circuit has identified five factors relevant to an equitable tolling determination: "(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit." Jobe v. I.N.S., 238 F.3d 96, 100 (1st Cir. 2001). These factors reinforce the "fundamental principle [] that equitable tolling 'is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands.'"

Though the Court has ruled in the Commissioner's favor on the motion to dismiss, it is nonetheless concerned that Ms. McElrath's complaints have not been fully addressed by the Commissioner. In July 2014, after the ALJ issued his decision, Ms. McElrath filed a formal request for investigation to the Lowell, Massachusetts SSA office, regarding the SSA's failure to properly investigate the appointment of Mr. McElrath. [ECF No. 1 ¶ 29]. This formal request, which has not yet been addressed by the Commissioner, should eventually result in an initial determination, subject to administrative and judicial review.[5]

### III. Conclusion

For the reasons stated herein, the Commissioner's motion to dismiss [ECF No. 14] is GRANTED, and Ms. McElrath's Complaint is dismissed.

**So Ordered.**

Dated: July 27, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE

---

Id. (quoting Salois v. Dime Savings Bank, 128 F.3d 20, 25 (1st Cir. 1997)). Here, Ms. McElrath received timely notice of the 60-day time limit, as well as a subsequent notice that the time limit would not be extended. [ECF No. 1 ¶¶ 24, 27]. She has not presented any circumstance beyond her control that prevented her from filing the Complaint on time.

[5] SSA regulations provide that a determination regarding whether the Commissioner was "negligent in investigation or monitoring or failing to investigate or monitor" a representative payee, "which resulted in the misuse of benefits," is an initial determination subject to administrative review. 20 C.F.R. 404.902(x). When the ALJ dismissed Ms. McElrath's request for a hearing, he found that Ms. McElrath had only challenged the SSA's "conclusion that there was no misuse of funds," and that she had "not allege[d] negligence or a failure to investigate the possible misuse of funds." Id. Her July 2014 formal request, however, as described in her Complaint, does appear to make such allegations against the SSA. That the Commissioner has not made a finding of misuse of funds should not prevent administrative and judicial review under 20 C.F.R. 404.902(x).